## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PATRICK D. PARSON,** *pro se,*

     **Plaintiff,**

**v.**                             **Case No.  8:13-cv-1409-T-30TGW**

**MAYSONET GROUP LLC and**
**MONEY TREE USA LLC,**

     **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon *pro se* Plaintiff Patrick D. Pearson's Complaint (Dkt. 1), Motion to Proceed *In Forma Pauperis* (Dkt. 2), and Motion for Temporary Restraining Order/Preliminary Injunction (Dkt. 3).  The Court, having reviewed Plaintiff's filings, and being otherwise advised in the premises, concludes that Plaintiff does not establish a legal basis for a temporary restraining order or preliminary injunctive relief under Fed. R. Civ. P. 65.  The Court also concludes that Plaintiff's complaint is subject to dismissal without prejudice to Plaintiff to file an amended complaint.

To be eligible for a temporary restraining order or preliminary injunctive relief under Rule 65, a movant must establish each of the following elements: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *See Schiavo ex rel. Schindler*

*v. Schiavo,* 403 F.3d 1223, 1225–26 (11th Cir. 2005); *Parker v. State Bd. of Pardons and Paroles,* 275 F.3d 1032, 1034–35 (11th Cir. 2001).  Preliminary injunctive relief "is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

Plaintiff's complaint and motion for temporary restraining order are vague, unclear, and lacking in any details or facts to allow the Court to determine an irreparable injury. Plaintiff references that he is disabled or handicapped, cites to the Tenants at Foreclosure Act and the Fair Housing Act, and states that he is seeking a restraining order against Defendants from "imposing illegal arbitrary demands upon Plaintiff" with respect to increasing Plaintiff's rent and requiring him to move to a smaller apartment.  He also seeks damages for electrical costs.  Other than vaguely referencing that he is disabled or handicapped, Plaintiff does not state what his particular injury is, or how he has or will be irreparably damaged. Plaintiff's filings also fail to establish a substantial likelihood of success on the merits.

For these reasons, the Court must dismiss Plaintiff's motion because Plaintiff fails to establish any of the elements necessary for a temporary restraining order or injunctive relief. Also, Plaintiff's complaint fails to state a claim and fails to establish Plaintiff's standing, so it is subject to dismissal as well.[1]

It is therefore **ORDERED AND ADJUDGED** that:

---

[1] The Court notes that this is Plaintiff's fifth filing in this district.  *See* 8:12-cv-606-JSM-AEP (closed on March 22, 2012); 8:12-cv-657-MSS-MAP (closed on November 16, 2012); 8:12-cv-2691-VMC-EAJ (closed on December 18, 2012); and 8:13-cv-371-EAK-TBM (filed on February 8, 2013).  All of these filings appear to relate to disputes related to Plaintiff's tenancy.

1.      Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction (Dkt. 3) is DENIED.

2.      Plaintiff's Complaint (Dkt. 1) is dismissed without prejudice.  Plaintiff may amend his Complaint within fourteen (14) days of this Order; failure to amend the Complaint within this period of time may result in dismissal of this action without further notice.

3.      Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2) is DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-1409.dismissal.frm